## L. & C. Mayers Co. Inc., Formerly L. & C. Mayers·Importing Corporation, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 103595. Promulgated October 28, 1941.

*Andrew B. Trudgian, Esq.*, for the petitioner.
*A. T. Akin, Esq.*, for the respondent.

OPINION.

HILL: In addition to the issues which we have stated in the preface to our findings of fact in this proceeding, petitioner urges the unconstitutionality of section 14 of the Revenue Act of 1936 and requests that we determine that it overpaid undistributed profits surtax for the taxable years imposed under that section of the statute. Respondent determined no deficiencies in surtax on undistributed profits of petitioner in either of the taxable years. We have, therefore, no jurisdiction to consider the constitutionality of such tax in this proceeding, nor may we determine whether petitioner overpaid undistributed profits surtaxes. *Union Telephone Co.*, 41 B. T. A. 152; *Hobbs Western Co.*, 43 B. T. A. 5.

The first issue for our consideration is whether or not petitioner's excess profits tax for the taxable years is to be computed on the basis of petitioner's capital stock tax return for 1936 filed on or about July 31, 1936, or on the basis of petitioner's amended capital

stock tax return for 1936 filed on or about April 26, 1937. Petitioner contends that its excess profits tax should be computed on the basis of the capital stock value declared in its amended return filed April 26, 1937, and asserts that such return was a "first return" within the meaning of section 105 of the Revenue Act of 1935 as amended.[1] Respondent argues that the amended return was not timely filed and hence can not be considered as a "first return."

Petitioner relies on *Haggar Co.* v. *Helvering*, 308 U. S. 389, in support of its argument that the amended return is to be considered a

---

[1] SEC. 105. CAPITAL STOCK TAX.

(a) For each year ending June 30, beginning with the year ending June 30, 1936, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1.40 for each $1,000 of the adjusted declared value of its capital stock.

\*     \*     \*     \*     \*     \*     \*

(d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which such tax is imposed to the collector for the district in which is located its principal place of business or, if it has no principal place of business in the United States, then to the collector at Baltimore, Maryland. Such return shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulations prescribe. The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector before the expiration of the period for filing the return. If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 6 per centum per annum from the time when the tax became due until paid. All provisions of law (including penalties) applicable in respect of the taxes imposed by section 600 of the Revenue Act of 1926 shall, insofar as not inconsistent with this section, be applicable in respect of the taxes imposed by this section. The Commissioner may extend the time for making the returns and paying the taxes imposed by this section, under such rules and regulations as he may prescribe with the approval of the Secretary, but no such extension shall be for more than sixty days.

\*     \*     \*     \*     \*     \*     \*

(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section (or as of the date of organization in the case of a corporation having no income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section). For any subsequent year ending June 30, the adjusted declared value in the case of a domestic corporation shall be the original declared value plus (1) the cash and fair market value of property paid in for stock or shares, (2) paid in surplus and contributions to capital, (3) its net income, (4) the excess of its income wholly exempt from the taxes imposed by Title I of the Revenue Act of 1934, as amended, over the amount disallowed as a deduction by section 24 (a) (5) of such title, and (5) the amount of the dividend deduction allowable for income tax purposes, and minus (A) the value of property distributed in liquidation to shareholders, (B) distributions of earnings or profits, and (C) the excess of the deductions allowable for income tax purposes over its gross income; adjustment being made for each income-tax taxable year included in the period from the date as of which the original declared value was declared to the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section. The amount of such adjustment for each such year shall be computed (on the basis of a separate return) according to the income tax law applicable to such year. For any subsequent year ending June 30, the adjusted declared value in the case of a foreign corporation shall be the original declared value adjusted (for the same income-tax taxable years as in the case of a domestic corporation), in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, to reflect increases or decreases in the capital employed in the transaction for its business in the United States.

\*     \*     \*     \*     \*     \*     \*

"first return" for purposes of declaration of capital stock value. In that case the Supreme Court, in considering section 215 of the National Industrial Recovery Act, predecessor of section 105 of the Revenue Act of 1935, upheld the taxpayer's contention that a "first return" may include an amended return, stating:

"First return" thus means a return for the first year in which the taxpayer exercises the privilege of fixing its capital stock value for tax purposes, and includes a timely amended return for that year.

Thus, if petitioner's amended return were "timely" the declaration of value declared therein would be the proper basis of computation rather than the declaration of value contained in the original return. We note, however, that the Supreme Court did not hold that any amended return might be used to substitute a declaration for that contained in the original return filed. In *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55, the Supreme Court held that an amended return filed after the period within which an original return might be filed was not a "first return" within the meaning of section 114 (b) (4) of the Revenue Act of 1934 (election of percentage depletion). Cf. *Healy River Coal Corporation*, 44 B. T. A. 613. We are of the opinion that if an amended return is to be considered a "first return" the amended return must be filed within the time permitted for filing under the controlling revenue act. Section 105 (d) of the Revenue Act of 1935 provides that a capital stock tax return must be filed within one month after the close of the taxable year. It is further provided that the Commissioner may extend the time for filing such return, but that no extension might exceed 60 days. The amended return here under consideration was not filed within the time provided by the statute. *Healy River Coal Corporation, supra.* We hold that the correct basis for computing petitioner's excess profits tax liability for the taxable years is the declared value of $500,000 contained in petitioner's original return filed on or about July 31, 1936.

The other issue relates to the constitutionality of section 106 of the Revenue Act of 1935 as amended. Petitioner has advanced no convincing argument on this point. Section 216 of the National Industrial Recovery Act, the predecessor of section 106 of the Revenue Act of 1935, has been held constitutional. *Allied Agents, Inc.* v. *United States*, 26 Fed. Supp. 98; certiorari denied, 308 U. S. 561. We are of the opinion that *Allied Agents, Inc., supra,* was correctly decided, and hereby hold that its scope extends to section 106 of the Revenue Act of 1935 as amended.

*Decision will be entered for respondent.*